# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

EFREN MUNDO ISIDORE,

    PLAINTIFF,

VS.                                          CV NO.:

SUPER OFERTAS, LLC &
SHIRAZ LAKHANI,

    DEFENDANTS.                JURY TRIAL DEMANDED

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

2. Plaintiff seeks supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in regard to claims of retaliatory discharge in violation of Alabama Code Section 25-5-11.1.

### II. PARTIES

3. Plaintiff, Efren Mundo Isidore, (hereinafter "Plaintiff") is a resident of Birmingham, Jefferson County, Alabama, and performed work for the Defendants

in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

4. Defendant Super Ofertas, LLC ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

5. Defendant Shiraz Lakhani (hereinafter "Defendant"), is an individual and resident of Bessemer, Jefferson County, Alabama, as well as the owner of Super Ofertas, LLC; he supervised the day-to-day operations of Defendant, Super Ofertas, LLC, meaning that he is an employer as defined by the FLSA.

### III. STATEMENT OF FACTS

6. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-5 above.

7. Defendants hired Plaintiff sometime during the year of 2010.

8. Defendants employed Plaintiff as a butcher.

9. Defendants terminated Plaintiff's employment on March 20, 2020.

10. For the past two years, Defendants has employed five or more employees for twenty or more calendar work weeks.

11. At all times during the employment relationship, Defendants classified Plaintiff as an hourly paid, non-exempt employee.

12. During the three years preceding the filing of this Complaint, Plaintiff typically worked over forty hours in a work week.

## IV.   COUNT ONE – FLSA – Overtime Violations

13. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-12 above.

14. During the three years preceding the filing of this Complaint, Defendant Super Ofertas, LLC, was, and is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

15. During the three years preceding the filing of this Complaint, Defendant Super Ofertas, LLC, has been a company wherein two or more employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

16. During the three preceding the filing of this Complaint, Defendant Super Ofertas, LLC's gross annual volume of revenue on a rolling quarterly basis exceeded $500,000.

17. At all times relevant to this action, Defendant Super Ofertas, LLC, was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

18. During the three years preceding the filing of this Complaint, Plaintiff was an employee of Defendant Super Ofertas, LLC, as defined by 29 U.S.C. § 203(e)(1).

19. Plaintiff and all similarly situated persons employed by Defendant Super Ofertas, LLC, were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant.

20. Defendant Super Ofertas, LLC offers wire transfer services for national and international exchanges of money through its contracts with providers such as MoneyGram, Maxi Money Services, RIA Money Transfer, DineEx, and Sigue.

21. During the three years preceding the filing of this Complaint, Plaintiff's hours worked were in excess of forty hours for a work week on at least one or more occasion.

22. Defendants failed to pay Plaintiff any overtime premium for all hours worked in excess of forty in a work week.

23. Defendants failed to use a time clock or any other timer recording system to track and record all hours worked by Plaintiff during the work week.

24. Defendants employed Plaintiff as a butcher, such that his job duties included cutting and preparing meat for sales, cutting meat to the customers

preference, stocking product such as vegetables on Defendant's retail store floor, and executing Defendant's instructions regarding the ordering of meat product.

25. Defendants also employed Plaintiff to take customer orders, prepare customer orders, and deliver customers' orders of tacos sold on Defendants' premises.

26. Plaintiff's job duties resulted in him spending 80% of his time worked (or more) performing duties that consisted of manual labor or otherwise spent while on his feet.

27. Defendants did not grant Plaintiff the authority to hire employees for its benefit.

28. Defendants did not grant Plaintiff the authority to terminate employees for its benefit.

29. Defendants did not place two or more employees under the supervision of Plaintiff.

30. Defendants did not grant Plaintiff the authority to sign checks or otherwise engage in transactions for its benefit.

31. Defendants required Plaintiff to wear a T-shirt with the Super Ofertas, LLC logo.

32. Defendants scheduled Plaintiff to work seven days per week.

33. For each working day, Defendants' scheduled Plaintiff to work from 8:00 a.m. to 4:00 p.m., followed with a two-hour break, and then an evening shift from 6:00 p.m. until 10:30 p.m., such that Plaintiff worked twelve and a half (12.5) hours per day.

34. Defendants' scheduled Plaintiff to work approximately eighty-seven and a half hours per week.

35. From 2010 through 2016, Defendants' paid Plaintiff $650.00 per week.

36. From 2017 through April 3, 2020, Defendants paid Plaintiff $800.00 per week.

37. Defendants failed to pay Plaintiff any overtime premium for hours worked in excess of forty in a workweek.

38. As the result of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime premium pay.

V. **COUNT TWO - ALABAMA CODE SECTION 25-5-11.1: RETALIATORY TERMINATION (Defendant Super Ofertas LLC Only)**

39. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-38 above.

40. Defendants and Plaintiff engaged in an employer/employee relationship.

41. On March 11, 2020, during the course of his job duties, Plaintiff suffered on the job injury when an eighty (80) pound bag of product fell on his foot and broke Plaintiff's toe.

42. Plaintiff is a diabetic.

43. On March 12, 2020, Plaintiff informed Lakhani of the on-the-job injury.

44. Plaintiff informed Lakhani about the need to go the hospital.

45. Lakhani informed Plaintiff to go to the hospital and bring him the bill

46. On March 20, 2020, Plaintiff delivered the hospital bill to Lakhani.

47. On March 20, 2020, Lakhani terminated Plaintiff's employment with Defendant Super Ofertas, LLC.

48. After Lakhani terminated Plaintiff's employment with Super Ofertas, LLC, Plaintiff required additional medical care, including an April 20, 2020 surgery to amputate his toe.

49. Plaintiff's physician stated that on May 15, 2020, Plaintiff could return to work without restrictions.

50. Defendant Super Ofertas, LLC retaliated against Plaintiff by terminating his employment because he sought to have Defendant Super Ofertas, LLC pay the medical bills that accrued as a result of Plaintiff's on-the-job injury.

51. Defendant Super Ofertas, LLC's actions in terminating Plaintiff violated Alabama Code § 25-5-11.1.

52.  Because of Defendant Super Ofertas, LLC's willful and intentional violation of the Alabama Code § 25-5-11.1, Plaintiff has suffered loss of pay, benefits, and other compensatory damages.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.  The Court issue proper process to compel Defendants to answer or otherwise plead to the allegations contained in the Complaint;

B.  This Court award Plaintiff the amount of his unpaid overtime pay, unpaid overtime premium, unpaid minimum wages, liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C.  Award him back pay, together with any employment benefits, front pay, compensatory damages; punitive damages special damages; nominal damages;

D.  That Plaintiff be granted judgment against Defendants for all reasonable attorneys' fees, costs, disbursements and interest; and

E.  For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

OF COUNSEL:

ALLEN D. ARNOLD, LLC
A Member of The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

DEFENDANTS ADDRESSES:
Super Ofertas, LLC
c/o Blasina Maldanado
312 South Gate A-6
Pelham, AL 35124

Shiraz Lakhani
406 West Valley Avenue, Ste. 112
Birmingham, AL 35209-4805